UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**VICTORIA M. CARTER,**

    Plaintiff(s),

    v.

**JEREMIAH HAMON,**

    Defendant(s).

NO. **2:14−CV−02963−KJM−CKD PS**

ORDER SETTING STATUS CONFERENCE

This action has been assigned to District Judge Kimberly J. Mueller and Magistrate Judge Carolyn K. Delaney.

Pursuant to the provisions of Federal Rule of Civil Procedure 16 and Local Rule 240, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue and send plaintiff one summons for each defendant named in the complaint. Plaintiff shall complete service of process on defendants named in the complaint within 120 days. Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 120 days from the date that the complaint is filed. See Fed.R.Civ.P. 4(m).

/////

2. Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" concurrently with service of process, and file with the Clerk a certificate of such service. If this action was originally filed in state court and removed to this court, the removing party shall immediately serve upon each of the other parties, and upon all subsequently joined, a copy of this order, and file with the Clerk a certificate of such service.

3. Failure to comply with the Federal Rules of Civil Procedure or Local Rules of Practice for the United States District Court, Eastern District of California, or orders of this court, may result in dismissal of this action. Even parties without counsel will be expected to comply with the procedural rules.

4. A Status (Pretrial Scheduling) Conference is set for May 27, 2015 at 10:00 a.m. in courtroom no. 24 before the undersigned. All parties shall appear by counsel or in person if acting without counsel.

5. Not later than fourteen (14) days prior to the Status Conference, the parties shall file status reports[1] addressing the following matters:

    a. Service of process;

    b. Possible joinder of additional parties;

    c. Any expected or desired amendment of the pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and their scheduling;

    f. The report required by Federal Rule of Civil Procedure 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

    g. Future proceedings, including setting appropriate cut–off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

    h. Special procedures, if any;

---

[1] The parties are encouraged, when possible, to file a joint status report.

   i.  Estimated trial time;

   j.  Modification of standard pretrial procedures specified by the rules due to the simplicity or complexity of the proceedings;

   k.  Whether the case is related to any other cases, including bankruptcy;

   l.  Whether a settlement conference should be scheduled;

   m.  Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of her so acting, or whether they prefer to have a settlement conference before another judge;

   n.  Any other matters that may add to the just and expeditious disposition of this matter.

  6. Plaintiff and counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition (see Local Rule 160).  In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party."  Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions.  Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

  7. The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 636(c). The form for consent to trial by a magistrate judge is attached. Any party choosing to consent may complete the form and return it to the Clerk of the Court.

/////

1    8.   The Clerk of the Court is directed to send plaintiff copies (one for each defendant plus one for the plaintiff) of the form, "Consent to Proceed Before United States Magistrate Judge," with this order.

DATE: December 23, 2014

                CAROLYN K. DELANEY
                UNITED STATES MAGISTRATE JUDGE

by: /s/ G. Michel
                Deputy Clerk

4